IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KERRY L. BROWN, Inmate #N32753,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CHARLES R. GARNATI,** )<br>**JOHN SPERONI, and ALEX FINE,** )<br>)<br>**Defendants.** ) | CIVIL NO.  06-796-GPM |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is legally frivolous and thus subject to summary dismissal.

Plaintiff seeks damages related to his conviction in Illinois court from Defendants Garnati, Speroni, and Fine, who are, respectively, the Illinois State's Attorney who prosecuted his criminal case, the judge who presided over the trial, and the public defender who represented him.

Plaintiff's complaint must be dismissed for the following three reasons. First, both the judge and the state's attorney are immune from damages. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges, being sued solely for judicial acts, are protected by absolute judicial immunity); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (same); *see also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Further, the law is clear that a party may not sue his attorney for legal malpractice in a civil rights suit, and this principle holds true even if that attorney was a court-appointed attorney and employed by the state. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *see also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995).

Second, Plaintiff's claims for damages are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff,

the action should be allowed to proceed, in the absence of some other bar to the suit. *Heck*, 512 U.S. at 487-88. "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 488. Plaintiff may challenge his conviction in a habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts. Ordinarily, this will involve raising every issue at trial or in a post-conviction motion and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. Plaintiff here makes no indication that his sentence has been invalidated in the Illinois courts nor has he made any indication that he has even attempted such review. Accordingly, Plaintiff's claims for damages against defendants are *Heck*-barred; Plaintiff has no cause of action under section 1983.

Finally, Plaintiff already has raised claims for damages regarding the constitutionality of his Illinois conviction in a nearly identical case before this Court. *See Brown v. Garnati*, Case No. 06-505 (S.D. Illinois, dismissed with prejudice August 4, 2006) (hereinafter "*Brown I*"). The claims in the instant action are clearly barred by the doctrine of *res judicata*, or claim preclusion. As the Seventh Circuit has stated,

> *[r]es judicata* bars suits where there is [1] a final judgment on the merits; [2] an identity of the issues of the lawsuit; and [3] an identity of the parties or their privies." *Hamdan v. Gonzales*, 425 F.3d 1051, 1059 (7th Cir. 2005) (internal quotation and citation omitted). *Res judicata* also bars litigation of claims that "could have been raised" in the previous litigation, but were not. *Golden v. Barenborg*, 53 F.3d 866, 869-70 (7th Cir. 1995).

*Maher v. F.D.I.C.*, 441 F.3d 522, 526 (7th Cir. 2006). In *Brown I*, Plaintiff sought damages against

the same three defendants for constitutional violations during his trial. The case was dismissed with prejudice because all three defendants were immune from suit. The dismissal was a final judgment on the merits. Accordingly, the claims brought in the instant case against the same defendants for constitutional violations during his trial are barred by the doctrine of *res judicata*.

Based on the foregoing, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  12/04/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge